IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CST INDUSTRIES, INC.,

    Plaintiff,

v.

TANK CONNECTION, L.L.C., et al.,

    Defendants.

Case No. 23-2339-JAR-RES

## MEMORANDUM AND ORDER

On January 26, 2024, Plaintiff CST Industries, Inc. ("CST") filed a Motion for Preliminary Injunction.[1]  CST provisionally filed under seal thirteen exhibits in support of the motion, as required under D. Kan. Rule 5.4.2(a).  CST also complied with D. Kan. Rule 5.4.2(b) by filing and serving a notice of proposed sealed record to any proponent of the sealed record. Thus, if any proponent of these provisionally sealed documents "seek[] to maintain any portion of the document under seal, or . . . with redactions, [that party] must file a motion to seal or redact."[2]  Before the Court are CST's Unopposed Motion to Seal or Redact Certain Exhibits (Doc. 76), and Defendant Tank Connection L.L.C.'s ("Tank Connection") Motion to Seal Exhibits (Doc. 74).  The motions are ripe for decision.[3]  As described more fully below, the Court grants Tank Connection's motion to seal, and grants CST's motion to redact.

---

[1] Doc. 64.

[2] D. Kan. R. 5.4.2(c).

[3] Tank Connection does not indicate whether its motion is unopposed; however, the three-day response deadline provided by the rule has now passed and no response was filed.  *See id.*

**I.      Standard**

Generally, "[f]ederal courts have long recognized a common-law right of access to judicial records."[4]  "This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest."[5]  This right of access, however, "is not absolute."[6]  A court has discretion to seal documents "if competing interests outweigh the public's right of access."[7]  Such competing interests may include trade secrets to be protected from disclosure and confidential business information that may harm a business's competitive standing.[8]  "The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption."[9]

Under D. Kan. Rule 5.4.2(c), the party moving to seal must provide: (1) "a description of the specific portions of the document" which are "narrowly tailored to the asserted confidentiality interest;" (2) the asserted confidentiality interest; (3) "a clearly defined and serious injury;" and (4) an explanation why restricting public access would "adequately protect" the asserted confidentiality interest.[10]

---

[4] *Callahan v. Unified Gov't of Wyandotte Cnty.*, No. 11-2621-KHV, 2013 WL 3287060, at *1 (D. Kan. June 28, 2013) (citing *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[5] *Callahan*, 2013 WL 3287060, at *1 (citations omitted).

[6] *Id.* (citation omitted).

[7] *Id.*

[8] *Martinez v. Cont'l Tire the Ams., LLC*, No. 17-cv-00922, 2023 WL 2914796, at *2 (D.N.M. April 12, 2023).

[9] *Callahan*, 2013 WL 3287060, at *1.

[10] D. Kan. R. 5.4.2(c).

## II. Discussion

### A. CST's Motion to Seal

CST's motion seeks to either seal or redact two exhibits in support of the motion for preliminary injunction: Exhibit 17 to the Kim Declaration, filed as Doc. 67-3; and Exhibit 7 to the Mueller Declaration, filed as Doc. 67-8. The Mueller exhibit was previously filed as an exhibit to the Amended Complaint, and CST seeks to have that document (Doc. 38-4) sealed or redacted, as well.

CST makes the requisite showing of a confidentiality interest in these documents. Exhibit 17 to the Kim Declaration contains designs, calculations, and technical specifications for the manufacture and installation of the tank roofs for the project at issue in this case; an ongoing project. CST maintains that these roof system calculations and project designs incorporate CST's confidential information and work performed on the project. The Court agrees that the risk of harm due to disclosure of this confidential information outweighs the public's interest in having access to the document. To narrowly tailor the confidentiality interest, the Court finds that redacting this document as proposed by CST is appropriate.

Exhibit 7 to the Mueller Declaration, which was also filed as Exhibit 4 to the Amended Complaint, sets forth the terms and conditions of former employee Casey Whalen's departure from CST. It includes certain employee compensation information that CST contends is confidential, private, and may cause competitive harm to CST. Moreover, CST contends that this employee compensation information is not relevant to the issues in this case; therefore, the public's interest in accessing this information is outweighed by CST's confidentiality interests. The Court agrees. To narrowly tailor the confidentiality interest, the Court finds that redacting this document as proposed by CST is appropriate.

Accordingly, CST's motion to seal or redact is granted to the extent it seeks to redact Docs. 67-3, 67-8, and 38-4.

**B.     Tank Connection's Motion to Seal**

Tank Connection's motion seeks to seal the following exhibits in support of the motion for preliminary injunction: Exhibits 9, 10, 12 and 17 to the Kim Declaration, filed as Docs. 67, 67-1, 67-2, and 67-3; and Exhibits 7–10 to the Mueller Declaration, filed as Docs. 67-8, 67-9, 67-10, and 67-11.  The Court has already granted CST's unopposed motion to redact Exhibit 17 to the Kim Declaration.  The remaining exhibits identified by Tank Connection are its quotes, which contain Tank Connection's pricing information, including breakdowns for materials, labor, and payment terms.  The Court has reviewed these documents and agrees that they contain confidential information, and that the competitive harm due to disclosure outweighs the public's right to access these documents.  The Court further finds that they are not amenable to redaction. Therefore, Tank Connection's motion to seal Docs. 67, 67-1, 67-2, 67-8, 67-9, 67-10, and 67-11 is granted.

**C.     Exhibits that Should be Unsealed**

Tank Connection indicates in its motion to seal that it does not seek to have the following documents remain sealed: Exhibits 3–6, and 11 to the Mueller Declaration, filed as Docs. 67-4, 67-5, 67-6, 67-7, and 67-12.  The Clerk is directed to unseal these documents.

**IT IS THEREFORE ORDERED BY THE COURT** that CST Industries, Inc.'s Unopposed Motion to Seal or Redact Certain Exhibits (Doc. 76), and Defendant Tank Connection's Motion to Seal Exhibits (Doc. 74) are **granted**.

**IT IS FURTHER ORDERED** that provisionally sealed Exhibits 9, 10, 12 and 17 to the Kim Declaration, filed as Docs. 67, 67-1, 67-2, and 67-3; and Exhibits 7–10 to the Mueller

4

Declaration, filed as Docs. 67-8, 67-9, 67-10, and 67-11 shall remain sealed and the Clerk is directed to remove the provisional designation from the entries.  The Clerk is directed to unseal Exhibits 3–6, and 11 to the Mueller Declaration, filed as Docs. 67-4, 67-5, 67-6, 67-7, and 67-12.  Counsel for CST is directed to file the redacted documents—Exhibit 17 to the Kim Declaration, filed as Doc. 67-3; and Exhibit 7 to the Mueller Declaration, filed as Doc. 67-8 and Doc. 38-4—in the public record within seven (7) days of this Order using the Redacted Document event.  Docs. 67-3 and 67-8 will remain sealed and the Clerk is directed to remove the provisional designation from the entries.  The Clerk is directed to seal Doc. 38-4.

**IT IS SO ORDERED.**

Dated: February 8, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE