IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CST INDUSTRIES, INC.,**

    **Plaintiff,**

    **v.**

**TANK CONNECTION, L.L.C., et al.,**

    **Defendants.**

Case No. 23-2339-JAR-RES

## MEMORANDUM AND ORDER

On November 15, 2024, the parties filed their summary judgment motions in this matter,[1] and Defendants Tank Connections, L.L.C. ("Tank") and Jordan LaForge filed two motions to exclude expert testimony.[2] The parties filed several of their opening briefs and exhibits to these motions provisionally under seal. They complied with D. Kan. Rule 5.4.2(b) by filing and serving a notice of proposed sealed record to any Proponent of the sealed record.[3] Thus, if any Proponent of these provisionally sealed documents "seeks to maintain any portion of the document under seal, or . . . with redactions, [that party] must file a motion to seal or redact."[4]

Before the Court are the parties' motions to seal or redact the documents associated with their November 15 motions (Docs. 402, 425, 427, 430, 431, 432, and 433). The motions to seal are ripe for decision.[5] As described more fully below, the motions to seal are granted in part and

---

[1] Docs. 398, 411, 416.

[2] Docs. 404, 407.

[3] Docs. 401, 410, 415, 422, 424.

[4] D. Kan. R. 5.4.2(c).

[5] Two motions are fully briefed, and the rest are deemed unopposed since the three-day response deadline under the rule has elapsed. *See id.*

denied in part.  The parties are instructed to carefully review the last section of this Memorandum and Order and the attached rules that contain guidance on future sealed filings.

**I.      Standard**

"[C]ourts have long recognized a common-law right of access to judicial records."[6]  This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[7]  This right of access, however, "is not absolute."[8]  The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[9]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[10]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

Thus, under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no

---

[6] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[7] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[8] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[9] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[10] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc*., 846 F.2d 249, 253 (4th Cir. 1988)).

[11] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[12]

**II. Discussion**

The parties move to seal or redact provisionally sealed documents in this case related to four underlying motions. The Court addresses the motions to seal related to each pending substantive motion below.

### A. Motions to Seal or Redact Related to Defendants Tank and LaForge's Motion for Summary Judgment (Provisionally Sealed Docs. 418, 419, 420, 421, and 423)

Tank and LaForge filed their memorandum in support of summary judgment, as well as all 59 exhibits in support of their motion, provisionally under seal.[13] Tank and LaForge now move to permanently seal the memorandum in support, and Exhibits L, ZZ, BBB, EEE, and FFF. Plaintiff separately moves to seal or redact Exhibits K, Y, and JJ. No responses opposing these motions have been filed.

#### 1. Tank and LaForge's Motion to Seal (Doc. 433)

Tank and LaForge's motion to seal their 48-page **memorandum in support of summary judgment** is denied. Their motion to seal offers no specific grounds for sealing the entire brief, nor do they attempt to demonstrate that a lesser alternative, such as redaction, is impracticable. The fact that a document is designated confidential or highly confidential under the Amended

---

[12] D. Kan. R. 5.4.2(c)(1)–(4). Subsection (c)(5) also requires the movant to state the extent to which the motion is opposed or unopposed, if known.

[13] As explained in the last section of this Order, this was in error and should not be repeated in future rounds of briefing. A party may only provisionally file documents under seal that "it reasonably believes may contain confidential information." D. Kan. R. 5.4.2(a). One need only review the first two exhibits to Tank and LaForge's summary judgment motion, which are transcripts from a public hearing that are available as unsealed documents elsewhere on this docket, to determine that they did not have a reasonable basis to believe that all 59 exhibits that they provisionally sealed contain confidential information.

Protective Order is not a sufficient basis, standing alone, to seal judicial records.[14]  Indeed, the Amended Protective Order in this case makes that clear:

> Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  Merely designating information as Confidential or Highly Confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion.[15]

The Court declines to permit sealing any document for which a party moves exclusively on the basis that it was designated as confidential or highly confidential under the Amended Protective Order.  The parties are expected to follow the local rule and identify with specificity the material that is confidential and whether there is a less restrictive alternative to sealing the entire document.

Moreover, the fact that a legal brief references a highly confidential document is not grounds to seal that legal brief.  The parties are encouraged to refrain from directly quoting from potentially sealed documents; an easy way to avoid this issue.

**Exhibit L** is the Whalen & Ducotey Confidentiality, Non-Disclosure, and Non-Solicitation Agreements with Tank.  Tank and LaForge assert that, along with several other exhibits, this exhibit includes Tank's confidential pricing information; information about its internal process; and details about its manufacturing process, product specifications, designs, and

---

[14] *See Lugosch*, 435 F.3d at 121 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons.*" (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982))); *Helm*, 656 F.3d at 1292–93 ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."); *Colony Ins. Co.*, 698 F.3d at 1241 (quoting *Lugosch*, 435 F.3d at 121) (applying "heavy burden" to moving party where documents are used to determine substantive rights).

[15] Doc. 142 at 6–7.

design methods. The Court has reviewed this document and finds no such information contained therein. Defendants have failed to make a specific showing about why their confidentiality interests in this exhibit outweigh the public's right of access; therefore, their motion to seal Exhibit L is denied.

**Exhibit ZZ** is an email chain from 2022 between Tank employees and a potential customer. It discusses the bid process and information about Tank's internal process and design methods. The Court is satisfied that Tank's interest in maintaining the confidentiality of this four-page document outweighs the public's right of access. Their motion to seal Exhibit ZZ is therefore granted.

**Exhibit BBB** is an email and attachment from Casey Whalen to other Tank employees referencing a topic from a business meeting they had earlier that day. The Court is satisfied that Tank's interest in maintaining the confidentiality of this document outweighs the public's right of access. Their motion to seal Exhibit BBB is therefore granted.

**Exhibits EEE and FFF** are emails from Nita Bailey to Casey Whalen. They each include information about either Conservatek's prior dome manufacturing process, or Tank's design and bidding process. The Court is satisfied that these documents contain confidential product information, and that the parties' interest in maintaining the confidentiality of these documents outweigh the public's right of access. The motion to seal Exhibits EEE and FFF is granted.

### 2.     CST's Motion to Seal (Doc. 431)

CST's moves to seal **Exhibit K**, which is the Whalen Separation Agreement, on the basis that it includes certain employee compensation information that is confidential, and may cause harm to CST if disclosed. CST is mistaken that this Court previously sealed the entire

5

agreement. The Court previously ruled that the employee compensation portion of this document should be redacted in order to narrowly tailor the confidentiality interest.[16] CST shall file this redacted exhibit as a public filing and the unredacted version will remain sealed.

**Exhibit Y** is an email that includes an attachment reflecting CST's March 15, 2022 Bid for the Byrd Park Project, which contains a "Confidentiality of Proposal" provision. The bid includes sensitive financial terms relating to payment, and product specifications that would provide competitors with information about CST's bids that could harm CST as it continues to submit bids and compete in the dome industry. Given that much of the document is not relevant to this action, the Court agrees with CST that its confidentiality interest outweighs the public's interest in accessing this email attachment in its entirety. CST shall publicly file this redacted exhibit, redacting the Bid attachment from the email. The unredacted version will remain sealed.

Finally, **Exhibit JJ** is an email chain that spans June 24, 2022 to October 17, 2022. CST moves to redact the first three emails in the chain, dated June 24, 28, and 30, 2022, which contain a detailed discussion of payment terms for CST's subcontract for the Byrd Park Project. As CST points out, Tank and LaForge's motion only references the last email on the chain, which CST does not move to redact. Given that Defendants do not rely on the first three emails that CST seeks to redact, the Court finds that CST's confidentiality interest in redacting this portion of the exhibit outweighs the public's right of access. CST shall publicly file this redacted exhibit, redacting the first three emails in the email chain. The unredacted version will remain sealed.

---

[16] Doc. 85 at 3. Counsel for CST was directed in this February 8, 2024 Order to publicly file the redacted documents within seven days. It does not appear that CST followed this directive.

### 3. Documents that Should be Unsealed

Other than the documents discussed above, no party has filed a motion to seal the remaining provisionally-sealed documents filed in support of Tank and LaForge's summary judgment motion; therefore, they should be unsealed pursuant to D. Kan. Rule 5.4.2(d).[17] In sum, the Clerk is directed to unseal the following documents: Doc. 418 (Memorandum in Support of Tank and LaForge's Motion for Summary Judgment); Docs. 419 through 419-9, 419-11 through 419-22, and 419-24 (Exs. A–J, L–X, and Z); Docs. 420 through 420-24 and 420-26 (Exs. AA–YY, and Z [duplicate]); Docs. 421 (Ex. AAA), 421-2 (Ex. CCC), 421-3 (Ex. DDD), and 421-6 (Ex. GGG); and Doc. 423 (corrected Ex. W).

### B. Motion to Seal or Redact Related to Plaintiff CST's Motion for Summary Judgment (Provisionally Sealed Docs. 411, 414)

CST filed its memorandum in support of summary judgment provisionally under seal, as well as seven exhibits in support of its motion. Tank and LaForge move to permanently seal **Exhibits T, U, and V**. The motion to seal Exhibit U is denied as moot, as Tank and LaForge concede in their reply that this document has already been publicly filed in this case. The Court grants Defendants' motion to seal unredacted versions of Exhibits T and V, and orders them to file redacted copies that leave unredacted the portions of the documents referenced in CST's brief in support of summary judgment. The Clerk is directed to unseal the following documents: Doc. 411 (Memorandum in Support of Plaintiff's Motion for Summary Judgment); Doc. 414 (Kevin Kim's Affidavit), Docs. 414-1 (Ex. I ), 414-3 (Ex. U), and 414-5 through 414-7 (Exs. W, AA, BB).

---

[17] Under that rule, when a proponent does not timely move to seal after receiving notice, "within 2 days after the deadline for filing a motion to file under seal or redact expires, the filing party must notify the court that the document that was filed provisionally under seal may be unsealed." That did not happen here.

   **C.**  **Motions to Seal or Redact Related to Defendant Crowder Construction Company's Motion for Summary Judgment (Provisionally Sealed Doc. 400)**

Defendant Crowder Construction Company ("Crowder") filed its brief in support of summary judgment and all 40 supporting exhibits provisionally under seal. Crowder moves to permanently seal the brief and all exhibits on the basis that they are designated as "Attorney's Eyes Only" under the Amended Protective Order and include CST's confidential information. Crowder's motion is denied. For the same reasons explained with respect to Tank and LaForge's motion, documents marked as confidential or "Attorney's Eyes Only" under a protective order, standing alone, is an insufficient basis to seal at the summary judgment phase. Crowder does not make the requisite showing with specificity under the rule that would allow this Court to determine that CST's interest in the confidentiality of these documents outweighs the right of public access.

CST, as the Proponent of the provisionally sealed documents,[18] properly moved to seal or redact the following documents: Exhibits 11, 15, 19, 21–22, and 37. **Exhibit 15** is an email that CST requests be redacted to remove the email's attachment, CST's initial quote for the Byrd Park Project at issue in this case. The bid details CST's proposal for the Byrd Park Project and notes that the information is to be held in "strict confidence." CST's motion to redact the attachment to this email is granted. The unredacted exhibit will be sealed and CST is directed to file the redacted exhibit on the record.

CST has demonstrated that **Exhibits 11, 19, 21, 22 and 37** are emails reflecting confidential financial information and internal business strategy that would harm CST's

---

[18] D. Kan. R. 5.4.2(b) ("Proponent should follow the procedure set forth in subsection (c) to the extent the Proponent wants to maintain the document or portions thereof under seal. The party that provisionally filed the document under seal has no obligation to assert the confidentiality interests of other Proponents.").

competitive standing if disclosed. The Court finds that CST's interest in maintaining the confidentiality of these documents outweighs the public's right of access and, therefore, grants CST's motion to permanently seal them.

The Clerk is directed to unseal the following documents: Docs. 400 (Memorandum in Support of Crowder's Motion for Summary Judgment); 400-1 through 400-10, 400-12 through 400-14, 400-16 through 400-18, 400-20, 400-23 through 400-36, and 400-38 through 400-40.

### D. Motions to Seal or Redact Related to Tank and LaForge's Motion to Partially Exclude the Opinions and Testimony of Brent Bersin (Doc. 409)

Defendants filed their memorandum in support of their motion to exclude Brent Bersin, and the attached exhibits provisionally under seal. They now move to permanently seal these documents. CST, the Proponent, responds that Defendants' request to seal is not narrowly tailored to its confidentiality interests and requests that the Court instead order the documents be redacted. CST also filed its own motion to redact, and submitted proposed redactions for the Court's review in accordance with the local rule. Defendants reply that the parties attempted to meet and confer to agree upon redactions but have been unable to agree. Defendants are concerned that they would be in violation of the Amended Protective Order in this case by unsealing any of these documents because they are designated as "Attorney's Eyes Only."

Once again, as the Court (and Judge Schwartz) has ruled, the fact that documents are designated as "Attorney's Eyes Only" under the Amended Protective Order is an insufficient basis, standing alone, to obtain wholesale sealing of briefs and exhibits.[19] The Court cannot make a finding that any party's confidentiality interests in certain information in these filings outweighs the public's right to access if the parties do not make the showings required by the

---

[19] *See supra* and Doc. 442.

local rule. For example, Exhibit A is this damages expert's report, which spans 111 pages. Certainly, this entire document does not contain confidential information that must be sealed from public access. Instead, as CST points out, redacting CST's sensitive and confidential pricing information is both adequate and practicable to protect its confidentiality interests while maintaining the public's right of access. The Court has reviewed CST's proposed redactions of Defendants' motion to exclude and exhibits in support and finds that they are proper and sufficient.

Thus, Tank and LaForge's motion to permanently seal the provisionally-sealed filings associated with the motion to exclude is denied. CST's motion to redact these filings is granted. The provisionally sealed documents shall remain under seal and CST shall file the redacted versions in the public record.

## IV. Guidance for Future Sealed Filings

The parties in this case filed several motions on November 15, all of which the Court anticipates will draw responses and replies, as well as more exhibits. The Court implores the parties to more thoughtfully approach filing sealed documents associated with these upcoming deadlines. D. Kan. Rule 5.4.2 and the Court's Administrative Procedures are attached to this Order, and the parties are ordered to review them, along with the authority cited herein. The Court highlights the following rules, which if followed, should aid in a more efficient resolution of future motions:

- A motion to seal or redact under D. Kan. Rule 5.4.2(c) is to be filed by the **Proponent**—the party and/or non-party that previously designated the information as confidential pursuant to a protective order;

- Under D. Kan. Rule 5.4.2(d), when a **Proponent** receives notice of a provisionally sealed filing and fails to timely move to seal or redact under subsection (c), within 2 days after the deadline for filing a motion to file under seal or redact expires, **the filing party** must notify the court that the document that was filed provisionally under seal may be unsealed;

- The parties are directed to refrain from wholesale provisional sealing of all exhibits attached to a motion and adhere to D. Kan. Rule 5.4.2(a)'s requirement that the filing party must "reasonably believe" that each document may contain confidential information;

- The parties shall review the docket in this case and advise the Court in their motion to seal whether any document they seek to file under seal has been previously filed, and if so, identify the docket entry and whether it was publicly filed, sealed, or redacted;

- The parties shall comply with D. Kan. Rule 5.4.2(c)(5)'s requirement that a motion to seal indicate the extent to which the motion is opposed or unopposed, if known;

- The parties shall refrain from filing exhibits to the same motion over several docket entries. One docket entry shall be used for unsealed exhibits and one separate docket entry shall be used for all provisionally sealed exhibits. All attachments should be labeled to accurately reflect the contents of the documents; and

- The parties are responsible for filing redacted documents on the public record under D. Kan. Rule 5.4.2(d). Given the voluminous docket sheet in this matter, the parties should carefully label each exhibit and indicate in the docket text the motion to which it relates.

**IT IS THEREFORE ORDERED BY THE COURT** that Tank and LaForge's Motion to Seal Their Memorandum in Support of their Motion for Summary Judgment and Exhibits (Doc. 433) **is granted in part and denied in part.** CST's Motion to Seal (Doc. 431) is **granted**. The Clerk is directed to permanently seal the following docket entries associated with Tank and LaForge's summary judgment motion: Docs. 419-10, 419-23, 420-9, 420-25, 421-1, 421-4, 421-5. The Clerk is directed to unseal the following docket entries: Docs. 418, 419 (main document and all attachments except 419-10 and 419-23), 420 (main document and all attachments except 420-9 and 420-25), 421, 421-2, 421-3, 421-6, and 423. **CST shall file redacted versions of Exhibits K, Y, and JJ in the public record.**

**IT IS FURTHER ORDERED** that Tank and LaForge's Motion to Seal Exhibits (Doc. 427) associated with CST's summary judgment motion is **granted in part and denied in part as moot**. The motion to seal Exhibit U is denied as moot. The motion to seal unredacted Exhibits T and V is granted. The Clerk is directed to permanently seal Docs. 414-2 and 414-4. The Clerk is directed to unseal Docs. 411, 414, 414-1, 414-3, 414-5, 414-6, and 414-7. **Tank and LaForge shall file redacted versions of Exhibits T and V in the public record**.

**IT IS FURTHER ORDERED** that Crowder's Motion to Seal its Memorandum in Support of Summary Judgment and Accompanying Exhibits (Doc. 402) is **denied**. CST's Motion to Seal or Redact Certain Exhibits Filed in Support of Defendant Crowder's Motion for Summary Judgment (Doc. 430) is **granted**. The Clerk is directed to permanently seal Docs. 400-11, 400-15, 400-19, 400-21, 400-22, and 400-37. The Clerk is directed to unseal Docs. 400, 400-1 through 400-10, 400-12 through 400-14, 400-16 through 400-18, 400-20, 400-23 through 400-36, and 400-38 through 400-40. **CST shall file a redacted version of Exhibit 15 in the public record**.

**IT IS FURTHER ORDERED** that Tank and LaForge's Motion to Seal their Memorandum in Support of Motion to Partially Exclude the Opinions and Testimony of Mr. Brent Bersin and all Accompanying Exhibits (Doc. 425) is **denied**. CST's Motion to Redact (Doc. 432) is **granted**. The Clerk is directed to permanently seal Docs. 409, 409-1, and 409-2. **CST shall file redacted versions of these documents in the public record**.

The parties shall file redacted documents in accordance with this Order by **December 10, 2024**.

**IT IS SO ORDERED.**

Dated: December 6, 2024

        S/ Julie A. Robinson
        JULIE A. ROBINSON
        UNITED STATES DISTRICT JUDGE