## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CST INDUSTRIES, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-2339-JAR-RES** |
| **TANK CONNECTION, L.L.C., et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

On January 3, 2025, the parties filed their responses to summary judgment motions in this matter.[1]  Plaintiff CST Industries, Inc. ("CST") and Defendants Tank Connection, L.L.C. ("Tank") and Jordan LaForge filed their response briefs and several exhibits to these responses provisionally under seal.[2]  They complied with D. Kan. Rule 5.4.2(b) by filing and serving a notice of proposed sealed record to any Proponent of the sealed record.[3]  Thus, if any Proponent of these provisionally sealed documents "seeks to maintain any portion of the document under seal, or . . . with redactions, [that party] must file a motion to seal or redact."[4]

Before the Court are CST's and Tank and LaForge's motions to seal or redact the documents associated with their summary judgment responses (Docs. 490, 491).  The motions to seal are ripe for decision.[5]  As described more fully below, the motions to seal or redact are granted in part and denied in part.

---

[1] Docs. 471, 473, 477.

[2] Docs. 474, 477, 478, 482.

[3] Docs. 476, 481, 485.

[4] D. Kan. Rule 5.4.2(c).

[5] The motions are deemed unopposed since the three-day response deadline under the rule has elapsed.  *See id.*

## I.     Standard

"[C]ourts have long recognized a common-law right of access to judicial records."[6]  This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[7]  This right of access, however, "is not absolute."[8]  The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[9]  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[10]  The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[11]

Thus, under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[12]

---

[6] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[7] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[8] *Helm*, 656 F.3d at 1292 (quoting *Mann*, 477 F.3d at 1149).

[9] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[10] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[11] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[12] D. Kan. Rule 5.4.2(c)(1)–(4).  Subsection (c)(5) also requires the movant to state the extent to which the motion is opposed or unopposed, if known.

## II.     Discussion

The parties move to seal or redact provisionally sealed documents in this case related to three summary judgment responses.  The Court addresses the provisionally sealed filings for each summary judgment response at issue below.

### A.     CST's Motion to Seal or Redact Documents Related to Tank's Response to CST's Motion for Summary Judgment  (Provisionally Sealed Doc. 474)

Tank provisionally sealed three exhibits to its response in opposition to CST's summary judgment motion.  CST moves to redact one of these exhibits—Ex. K.  No party has filed a motion to seal the other two exhibits.

For the reasons identified in CST's motion to seal,[13] the Court finds that CST's confidentiality interest in the sensitive competitive information in the scope letter included in Exhibit K outweighs the public's interest in accessing this email attachment in its entirety.  CST shall publicly file redacted Exhibit K in accordance with the proposed redactions it provided to the Court, and the unredacted version will remain sealed.  The Clerk is directed to unseal the other two exhibits in this filing: Docs. 474 and 474-2.

### B.     Motions to Seal or Redact Documents Related to CST's Response to Crowder Construction Company's ("Crowder") Motion for Summary Judgment (Provisionally Sealed Docs. 477 and 478)

CST provisionally sealed its memorandum in opposition and the following exhibits in support of its response to Crowder's summary judgment motion: Exhibits C–G, J–M, O–T, and Y–Z.  Tank now moves to seal Exhibit P and redact Exhibits Q, and R.  CST moves to seal Exhibit T and redact Exhibits C, D, E, and L.  No party has filed a motion to seal the other exhibits filed in support of CST's response nor the brief itself.

---

[13] Doc. 490 at 5–7.

For the reasons identified in CST's motion to seal,[14] the Court finds that CST's confidentiality interest in the sensitive competitive information in the scope letters included in Exhibits C–E outweigh the public's interest in accessing them in their entirety.  The Court also finds that CST has a strong confidentiality interest in the redacted information in Exhibit L that outweighs the public's right of access.  CST shall publicly file the redacted exhibits in accordance with the proposed redactions it provided to the Court, and the Clerk shall permanently seal the unredacted versions in Doc. 478.

Exhibit P is an internal email chain between Tank employees Casey Whalen and Kendall Smith, copying others, that discusses their assessment of the monetary value of the Byrd Park Project in the context of determining Tank's ability to bond the project.  For the reasons identified in Tank's motion to seal,[15] the Court finds that Tank's interest in maintaining the confidentiality of sensitive pricing information contained in this document outweighs the public's right to access.  The Clerk is directed to permanently seal this document.

Tank moves to redact Exhibit Q.  The Court has already granted a motion to redact Exhibit Q filed previously on the docket,[16] and finds that the same redactions are appropriate with this filing.  CST moves to seal Exhibit T, which contains CST confidential pricing information.  The Court finds that CST's interest in maintaining the confidentiality of this document outweighs the public's right of access.  Tank moves to redact Exhibit Z, an email from LaForge to Chris Robards of Crowder that attaches "Rev 3 proposal."  The Court finds that redacting the attached document as proposed by Tank is appropriate because the information

---

[14] Doc. 490 at 5–7.

[15] Doc. 491 at 5–6.

[16] Ex. 414-2.

contained therein may harm its competitive standing; a confidentiality interest that outweighs the public's right to access.

In sum, the Clerk is directed to permanently seal Docs. 478, 478-1, 478-2, 478-8, 478-11, 478-12, 478-15, and 478-17. The Clerk is directed to unseal Docs. 477, 478-3 through 478-7; 478-9 through 478-10; 478-13 through 478-14, and 478-16. CST shall publicly file redacted Exhibits C, D, E, and L in accordance with the proposed redactions it provided to the Court. Tank shall publicly file redacted Exhibits Q and Z in accordance with the proposed redactions it provided to the Court.

### C.  Motions to Seal or Redact Documents Related to CST's Response in Opposition to Tank and LaForge's Summary Judgment Motion (Provisionally Sealed Doc. 482)

CST filed 43 documents provisionally under seal associated with its response in opposition to Tank and LaForge's motion for summary judgment. Tank now moves to seal or redact Exhibits 28, 29, 32, 39, 47, 58, 66, and 67. CST moves to redact its response brief, and to seal or redact Exhibits 2, 33–34, 38, 43–47, 50, 59, and 61–62.

First, the Court denies CST's motion for leave to redact its response brief. The motion seeks to redact a single line quoted from Exhibit 50,[17] which is quoted in a parenthetical to CST's citation to Exhibit 50 in one of its statements of fact. CST's motion to redact is denied. As the Court indicated in its last Order on sealing, the parties should refrain from quoting directly from sealed documents in their briefs to avoid sealing or redacting judicial records. In this instance, CST's single redaction is a quotation that is wholly unnecessary given that CST cited to the sealed exhibit, and the quotation is duplicative of the unredacted paraphrased statement of fact in paragraph 16. CST is directed to submit to the Court a revised version of its

---

[17] Doc. 482 ¶ 16.

response brief that omits this quotation,[18] which the Court will then direct the Clerk's office to append to Doc. 482 as the operative, publicly-filed response brief.[19]  The parties are once again implored to avoid this situation in the future.  It is time-consuming and an unnecessary abuse of the sealed filing procedures.

CST moves to redact part of its attachment to Exhibit 2, the confidential compensation information included in third party Allen Enloe's separation agreement.  The Court has previously allowed redactions of compensation information in employee separation agreements, and for the same reasons, grants CST's motion to redact Exhibit 2 as proposed.[20]  The Clerk is directed to seal this document and CST is directed to file the redacted version in the public record.

Exhibit 28 is Tank's Aluminum Dome Installation Manual.  The parties all agree that this document should be sealed in its entirety because it contains Tank's proprietary and confidential information, and its disclosure would cause Tank competitive harm that outweighs the public's right to access this document.  The Court grants Tank's motion to seal Exhibit 28.

The first two pages of Exhibit 29 contain personal notes regarding Whalen's experience, and what appears to be a resume, or some other published summary of Whalen's experience.  The notes appears to be about Whalen, generated by someone at Tank, when considering whether to hire him.  Tank moves to seal based on the first two pages of the document but fails

---

[18] This revised version should incorporate the corrections the Court permitted in Doc. 482-43.

[19] The provisionally sealed filing will be permanently sealed.

[20] CST also moves to redact the Enloe Separation Agreement that was provisionally filed under seal by Tank and LaForge on November 16, 2024, in support of their motion for summary judgment, citing Exhibit DDD filed as Doc. 421-3. CST failed to timely move to seal this document, despite the fact that Defendants provisionally filed it under seal, so the Court ordered it unsealed on December 6, 2024.  Doc. 447.  Setting aside the untimeliness of this request, Doc. 421-3 does not contain the Enloe Separation Agreement.  The motion to retroactively seal this document is denied.

to address the rest.  The Court grants in part and will allow Tank to redact the first two pages of notes, but denies the motion to seal as to the remainder of the document.  The Clerk will be directed to permanently seal Ex. 29 and Tank is directed to publicly file the exhibit with the first two pages redacted.

Tank moves to seal Exhibit 32, which is an email from Whalen to Tank employee Jeremy Burke about a potential Tank customer.  The Court grants Tank's motion to seal, finding that Tank's interest in protecting the confidentiality of internal communications with customers outweighs the public's right of access.

Tank moves to redact Exhibit 39, which contains information this Court has already allowed to be redacted.  The Court therefore grants Tank's motion to redact as submitted in its proposed redactions and will direct the Clerk to permanently seal this document.

CST moves to seal or redact Exhibits 33–34, 38, and 43–46 on the basis that they include confidential information, including drawings, provided to its customers subject to strict confidentiality requirements.  Exhibits 33, 34, 38, 43, and 44 are Tank emails that attach CST's Inspection Checklist and manuals that are provided to customers subject to confidentiality with the understanding they are not to be shared with competitors.  Exhibits 43–46 are emails that attach CST's drawings from its predecessor, Conservatek.  The Court finds that the risk of competitive harm to CST from disclosure of these documents outweighs the public's right of access and grants its motion to permanently seal these documents.

Both parties move to seal Exhibit 47, which includes detailed drawings as an attachment to Tank emails discussing certain approval drawings that are proprietary to Tank.  The Court finds that the risk of competitive harm to Tank from disclosure of this document outweighs the public's right of access and grants Tank's motion to permanently seal Exhibit 47.

CST moves to seal Exhibit 50, a CST internal email chain discussing negotiations with Crowder over payment terms. CST has demonstrated that disclosure of its internal discussions and negotiations with Crowder could harm its competitive standing, which outweighs the public's right of access.

Tank moves to redact the email attachment in Exhibit 58, which is the same exhibit as Exhibit Z discussed above, which this Court found should be redacted. The Court grants Tank's motion to redact Exhibit 58 for the same reasons and directs the Clerk to permanently seal the document. Tank shall file a redacted version of Exhibit 58 on the public record.

CST moves to seal Exhibits 59, 61, and 62, which are Tank emails that discuss and attach a business credit report for CST. The Court agrees with CST that this document could harm CST's competitive standing and the risk of such harm outweighs the public's right to access it. CST's motion to seal these exhibits is granted.

Tank moves to seal Exhibit 66, its internal Geodesic Domes presentation, which includes discussion of Tank's internal processes, goals, and strategies. The Court grants Tank's motion to seal this exhibit because its risk to Tank's competitive standing outweighs the public's right of access to the document.

Finally, Tank moves to redact Exhibit 67, which is the transcript of an interview with its employee, Steven Ducotey, who previously worked for CST. Tank proposes leaving unredacted the few portions of this document cited by CST in its response. The Court grants the motion to redact, given that the cited-to portion will be left unredacted. The Clerk is directed to permanently seal the unredacted version and Tank is directed to file the redacted version as proposed to the Court in its email submission.

In sum, the Clerk is directed to permanently seal Docs. 482-1, 482-9, 482-10, 482-13, 482-14, 482-15, 482-18, 482-19, 482-22, 482-23, 482-24, 482-25, 482-26, 482-29, 482-34, 482-35, 482-37, 482-38, 482-41, and 482-42.  The Clerk is directed to unseal Docs. 482-2 through 482-8; 482-11, 482-12, 482-16, 482-17, 482-20, 482-21, 482-27, 482-28, 482-30 through 482-33; 482-36, 482-39, and 482-40.  CST shall publicly file redacted Exhibit 2.  Tank shall publicly file redacted Exhibits 29, 39, 58, and 67.

**IT IS THEREFORE ORDERED BY THE COURT** that CST's and Tank and LaForge's motions to seal or redact the documents associated with their summary judgment responses (Docs. 490, 491) are **granted in part and denied in part as follows:**

- CST's motion to redact documents related to Tank's response to CST's motion for summary judgment is granted.  The Clerk is directed to permanently seal Doc. 474-1.  The Clerk is directed to unseal Docs. 474 and 474-2.   CST shall publicly file redacted Exhibit K in accordance with the proposed redactions it provided to the Court.

- The parties' motions to seal or redact documents filed in support of CST's response to Crowder's motion for summary judgment are granted.  The Clerk is directed to permanently seal Docs. 478, 478-1, 478-2, 478-8, 478-11, 478-12, 478-15, and 478-17.  The Clerk is directed to unseal Docs. 477, 478-3 through 478-7; 478-9 through 478-10; 478-13 through 478-14, and 478-16.  CST shall publicly file redacted Exhibits C, D, E, and L in accordance with the proposed redactions it provided to the Court.  Tank shall publicly file redacted Exhibits Q and Z in accordance with the proposed redactions it provided to the Court.

- The parties' motions to seal or redact documents filed in support of CST's response in opposition to Tank and LaForge's summary judgment motion (Doc. 482) are granted in part and denied in part. The Clerk is directed to permanently seal Docs. 482-1, 482-9, 482-10, 482-13, 482-14, 482-15, 482-18, 482-19, 482-22, 482-23, 482-24, 482-25, 482-26. 482-29, 482-34, 482-35, 482-37, 482-38, 482-41, and 482-42. The Clerk is directed to unseal Docs. 482-2 through 482-8; 482-11, 482-12, 482-16, 482-17, 482-20, 482-21, 482-27, 482-28, 482-30 through 482-33; 482-36, 482-39, and 482-40. CST shall publicly file redacted Exhibit 2. Tank shall publicly file redacted Exhibits 29, 39, 58, and 67 as directed by the Court.

- CST is directed to submit to the Court a revised version of its response brief to Tank and LaForge's summary judgment motion that omits the sentence contained in its proposed redaction as set forth above, that includes the corrections already permitted by the Court's Order granting CST leave to amend and correct. The Court will direct the Clerk to append this to Doc. 482 as a public filing.

The parties shall file redacted documents in accordance with this Order by **February 3, 2025**.

**IT IS SO ORDERED.**

Dated: January 29, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE